IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

FEBRUARY 1997 SESSION



FILED

May 19, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| WILLIAM L. CHURCH, | ) | |
| | ) | |
| Appellant, | ) | No. 03C01-9604-CR-00144 |
| | ) | |
| | ) | Hamilton County |
| v. | ) | |
| | ) | Honorable Douglas A. Meyer, Judge |
| | ) | |
| STATE OF TENNESSEE, | ) | (Post-Conviction) |
| | ) | |
| Appellee. | ) | |

For the Appellant:

Ardena J. Garth
District Public Defender
    and
Donna Robinson Miller
Assistant Public Defender
701 Cherry Street, Suite 300
Chattanooga, TN 37402

For the Appellee:

Charles W. Burson
Attorney General of Tennessee
    and
Elizabeth T. Ryan
Assistant Attorney General of Tennessee
450 James Robertson Parkway
Nashville, TN 37243-0493

William H. Cox
District Attorney General
600 Market Street, Suite 310
Chattanooga, TN 37492

OPINION FILED:_____


AFFIRMED

Joseph M. Tipton
Judge

## O P I N I O N

The petitioner, William L. Church, appeals as of right from the Hamilton County Criminal Court's dismissal of his petition for both a writ of habeas corpus and post-conviction relief. The petitioner contends the following:

> (1) the trial court erred (a) in holding that the post-conviction petition was time-barred and (b) in raising the issue of the statute of limitations on its own; and

> (2) the trial court erred in holding that it lacked habeas corpus jurisdiction because the petitioner is imprisoned in another state.

Although we agree that the trial court had jurisdiction of the petitioner's habeas corpus action, we affirm the dismissal.

The petitioner attacks a 1980 passing a forged check conviction and four 1981 aggravated assault convictions, all entered upon pleas of guilty. These same five convictions were contested in prior, consolidated post-conviction/habeas corpus petitions. After an evidentiary hearing, including personal affidavits submitted by the petitioner, the petitioner was denied any relief. The denial was affirmed on appeal. William L. Church v. State, No. 03C01-9207-CR-00242, Hamilton County (Tenn. Crim. App. July 15, 1993), app. denied (Tenn. Oct. 4, 1993).

In the present case, the pro se petition filed September 18, 1995, again alleges various infirmities in the guilty plea process that were considered and resolved in the prior post-conviction case. It also alleges that his counsel in that prior case was ineffective for not filing certain allegations and not presenting witnesses and documentation. Finally, the petition questions whether the petitioner is the person who pled guilty and was convicted of the offenses as shown in the guilty plea transcripts and documents generated during his first post-conviction case.

2

The trial court held that it did not have jurisdiction to hear the petition for writ of habeas corpus because the petitioner was not in the state of Tennessee. As for post-conviction relief, the trial court held that the petition was time-barred.

## I. Post-Conviction

The petitioner argues that he is not time-barred from obtaining post-conviction relief and that the trial court could not dismiss his petition as time-barred when the state had not raised the statute of limitations in defense to the petition. However, we believe that the trial court's actions are justified under the 1995 Post-Conviction Procedures Act.

The petitioner's convictions occurred in 1980 and 1981. Pursuant to the former Post-Conviction Procedures Act, the petitioner was required to file a post-conviction petition by July 1, 1989. See T.C.A. § 40-30-102 (1990) (repealed 1995); State v. Abston, 749 S.W.2d 487 (Tenn. Crim. App. 1988). Thus, the present petition was not timely filed under the former act.

The petitioner contends, though, that the 1995 Post-Conviction Procedures Act that replaced the former act provided a window of opportunity within which post-conviction petitioners could file a petition based upon previously existing grounds. He notes that his petition was filed during that time. However, our supreme court has construed the provisions of the 1995 act as not allowing the filing of a petition upon grounds that were already time-barred when the 1995 act became effective. See Carter v. State, 952 S.W.2d 417, 420 (Tenn. 1997). Thus, the 1995 act did not provide an opportunity for the petitioner to file a post-conviction petition regarding his 1981 convictions.

As for the trial court's dismissing the petition as time-barred without the issue being raised by the state, we view the 1995 act to call for such a procedure. Pursuant to T.C.A. § 40-30-206, the trial court was required to conduct a preliminary review of the petition. If it appeared from the face of the petition that it was not timely filed, the trial court was to dismiss the action. T.C.A. § 40-30-206(b). It did. No action by the state was required at that time. Moreover, nothing in the Post-Conviction Procedures Act prevents the trial court from noticing such a bar to a petition upon its own motion. Compare Handley v. State, 889 S.W.2d 223, 224 (Tenn. Crim. App. 1994) (trial court could notice the application of the statute of limitations under the former Post-Conviction Act without it being raised by the state). Thus, the dismissal of the post-conviction claims was appropriate.

## II. Habeas Corpus

The petitioner contends that the trial court had jurisdiction of his habeas corpus case. He relies upon Lewis v. Metropolitan General Sessions Court for Nashville, et al., 949 S.W.2d 696 (Tenn. Crim. App. 1996), in which this court indicated that an out-of-state prisoner may be able to prosecute a habeas corpus case in Tennessee regarding a void conviction. The state acknowledges that under Lewis, the trial court "might" have had jurisdiction, but it argues that the petition did not state grounds for habeas corpus relief.

We believe that an out-of-state prisoner may seek habeas corpus relief in Tennessee from a Tennessee conviction. "Any person imprisoned or restrained of his liberty, under any pretense whatsoever, except [those held under federal authority], may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101. The restraint need not involve imprisonment. In State ex rel. Dillehay v. White, 217 Tenn. 524, 527-28, 398 S.W.2d 737, 738 (1966), our supreme court allowed a habeas corpus action to test the legality of an order

4

requiring the indigent petitioner to be placed in jail to work out the court costs. Even though the petitioner was not in jail, having made bail, the trial court concluded that she was still restricted in her liberty pending the appeal. In State v. McCraw, 551 S.W.2d 692, 694 (Tenn. 1997), a post-conviction case, our supreme court considered the loss of the right to vote because of a felony conviction to be a "restraint on liberty." It also quoted from United States Supreme Court cases relative to federal habeas corpus being allowed as long as any collateral legal consequence flows from a conviction, such as, loss of citizenship, enhancement of future criminal punishment, and evidentiary impeachment of character. Id.; see Carafas v. LaVallee, 391 U.S. 234, 237, 88 S. Ct. 1556, 1559 (1968) and Sibron v. New York, 392 U.S. 40, 57, 88 S. Ct. 1889, 1900 (1965). Thus, the fact that the petitioner is not physically in custody in Tennessee is irrelevant if he is otherwise restrained of his liberty by virtue of his Tennessee convictions.

Pursuant to T.C.A. § 29-21-105, a petition for habeas corpus relief must be filed in the court "most convenient in point of distance to the applicant" unless sufficient reason is given for applying to another court. For a Tennessee prisoner, this means the presumptive venue is in the county of incarceration. However, for a person in custody in another state who is attacking a Tennessee judgment of conviction as being void, the most fitting forum would normally be the county in which the conviction was received. This is what has occurred in the present case.

We acknowledge that in Archer v. State, 851 S.W.2d 157, 165 (Tenn. 1993), our supreme court questioned whether an out-of-state prisoner has access to habeas corpus relief in Tennessee "since the writ, if issued, could not be directed to a Tennessee official." However, given the fact that the gravamen of the habeas corpus complaint relates to a criminal conviction being void, then the Tennessee official responsible for imposition of the judgment of conviction may be an appropriate party.

5

For instance, this court ordered the grant of habeas corpus relief from a constitutionally void condition of probation contained in a judgment of conviction with the writ issuing against the court that imposed the judgment. See Leonard v. Criminal Court of Davidson County, Tennessee, Division III, 804 S.W.2d 891 (Tenn. Crim. App. 1990). Thus, we conclude that when an out-of-state prisoner seeks habeas corpus relief from a Tennessee conviction as a void restraint on his or her liberty, a court of the county of the original conviction has jurisdiction to rule upon the prisoner's petition.

As previously noted, though, the state contends that the petitioner does not allege that his convictions are void. The petitioner's pro se petition does not expressly state that the convictions are void. It alleges that he is not the person who pled guilty and was convicted as shown in the guilty plea hearing transcripts and records previously provided to him. In his brief on appeal, the petitioner's position is presented as follows:

> For purposes of appellate review of a dismissal of a petition at the pleading stage, an appellate court "must accept that alleged as true, unless clearly contrary to what has already been adjudicated." Swanson v. State, 749 S.W.2d 731, 735 (Tenn. 1988), quoting Skinner v. State, 472 S.W.2d 903, 904 (Tenn. Crim. App. 1971). Petitioner has sworn and it has never been controverted that he is not the individual who entered the pleas to the charges which are the subject of the instant case but rather his actual cases were confused with the instant cases resulting in a miscarriage of justice. Accordingly, Petitioner's convictions would be fully void for want of personal jurisdiction rather than voidable. Pursuant to Tenn. Code Ann. § 29-21-101 a Writ of Habeas Corpus is the proper remedy for any person illegally imprisoned or restrained of his liberty. If Petitioner's actual convictions were confused with another's convictions and he is not the person who pled guilty to the underlying convictions in this case, then the writ filed by him was clearly the only appropriate way for him to proceed and the Trial Court should have permitted same.

The state's brief does not address this argument.

We do not believe that the allegations in the petition merit the issuance of a writ or further hearing, particularly when viewed in the context of his previous litigation

on these convictions. We start by noting that the petition does not allege that the petitioner was not, in fact and law, convicted in Hamilton County of forgery and four counts of aggravated assault upon his pleas of guilt. Rather, it alleges that the guilty plea hearing transcript reflects that the petitioner was not the person pleading guilty because the transcript shows the presence of an attorney who the petitioner claims only represented him at the preliminary hearing, not in criminal court. However, the petition also alleges circumstances that inherently indicate that the petitioner had counsel and pled guilty pursuant to a plea bargain.

Moreover, the petitioner's sworn affidavits submitted as evidence in his former post-conviction cases acknowledge these convictions upon guilty pleas. In one affidavit, he states in part:

> 3. I was sentenced for the offenses of aggravated assault on Indictment Nos. 145706, 145707, 145708, and 145709. My sentences were pronounced on May 4, 1981. The terms of my sentences are confinement in the Workhouse for not less than two (2) years nor more than two (2) years to run consecutive to the sentence for Indictment No. 142996.
>
> . . .
>
> 5. The guilty pleas which I entered were not knowing and voluntary, in that I was under extreme stress and duress because I had undergone a lengthy and highly publicized trial several months earlier, and because the plea agreement was entered into due to promises, coercion, and duress from the prosecution and my attorney.
>
> . . .
>
> 8. The evidence was insufficient to support the convictions of felonious assault since I acted in self-defense and since hands, feet and a pool cue are not deadly weapons within the meaning of the statute.

The other affidavit acknowledges his 1980 guilty plea and sentencing for passing a forged check and, likewise, alleges the petitioner's innocence of the crime because he signed his own name to the back of the check and did not intend to commit a criminal act.

7

We do not have to ignore the claims made and the position taken by the petitioner in his former collateral attacks upon the same convictions at issue in this case. In fact, we may take judicial notice of the court records and actions thereon in the earlier attack upon these convictions. In the former proceeding, the petitioner was found to have entered knowing and voluntary guilty pleas to four aggravated assault charges on May 7, 1981, and to a charge of passing a forged check on November 18, 1980. The indictment numbers relative to those convictions are the same ones that are contained in the present case. Thus, the convictions in question have been previously adjudicated to belong to the petitioner.

Thus, contrary to the petitioner's brief, the petitioner himself, by sworn affidavit, has controverted any claim that he is not the person who entered the pleas in the cases he attacks. In this respect, it is also significant that the petitioner does not allege that he now has eight aggravated assault and two passing forged check convictions upon guilty pleas out of Hamilton County on his record. In sum, the petitioner's allegations in his petition, viewed in the context of his past litigation on these same convictions, do not lead to the conclusion that the convictions about which he complains are void. Therefore, we conclude that from the showing of the petitioner, he would not be entitled to relief and a writ was properly refused without a hearing. See T.C.A. § 29-21-109; Russell v. State ex rel. Willis, 222 Tenn. 491, 437 S.W.2d 529 (1969).

8

In consideration of the foregoing, the judgment of the trial court is affirmed.

_____
Joseph M. Tipton, Judge

CONCUR:


_____
Jerry L. Smith, Judge


_____
Thomas T. Woodall, Judge