# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

### THOMAS EUGENE HARGIS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Bledsoe County**
**No. 32-2003    Buddy D. Perry, Judge**

---

**No. E2003-02682-CCA-R3-HC - Filed July 16, 2004**

---

The petitioner, Thomas Eugene Hargis, appeals the trial court's dismissal of his petition for writ of habeas corpus. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. The petition presents no cognizable claim for habeas corpus relief.  Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed
Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON AND NORMA MCGEE OGLE, JJ., joined.

Thomas Eugene Hargis, Pikeville, Tennessee, pro se.

Paul G. Summers, Attorney General and Reporter; Kathy D. Aslinger, Assistant Attorney General; James Michael Taylor, District Attorney General; James W. Pope, III, Assistant District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

The petitioner is serving consecutive life sentences for first degree murder convictions in the 1980 shooting deaths of his estranged wife and her boyfriend.  On direct appeal, the judgment of the trial court was affirmed.  See State v. Thomas Eugene Hargis, No. 81-52-III (Tenn. Crim. App., at Nashville, Feb. 9, 1982), app. denied (Tenn. May 10, 1982).  In April 2003, the petitioner filed a pro se petition for writ of habeas corpus in the Circuit Court for Bledsoe County.[1]  He claimed that his conviction judgments are void because he received ineffective assistance of counsel at trial.  In particular, he asserted that counsel failed to make a closing argument, thereby depriving him of his

---

[1] In his petition, he states that he has also previously filed two petitions for post-conviction relief and  sought habeas corpus relief in federal court, all of which petitions were denied.

rights to due process and equal protection of the laws. The petitioner moved the trial court to declare his judgments void, release him from custody, and order a new trial.

The trial court dismissed the petition, finding that the petitioner's claim of ineffective assistance of counsel, even if proven, would render the convictions merely voidable and not void. The court observed that the proper avenue for the relief sought was through the Post-Conviction Procedure Act. See Tenn. Code Ann. § 40-30-201 - 40-30-222. The court further noted, however, that the petition could not be considered as a post-conviction petition because it was filed neither in the proper court nor within the applicable limitations period. See Tenn. Code Ann. §§ 40-30-202; 40-30-204. The trial court's order of dismissal was filed on June 23, 2003. The petitioner filed notice of appeal on October 31, 2003, and the appeal is therefore untimely. See Rule 4(a), T.R.A.P. The state notes the untimely filing but has not moved for dismissal on this basis. Notwithstanding the petitioner's failure to proceed in a timely manner, the court observes that the notice of appeal is not jurisdictional in a criminal case and elects to consider the merits of the appeal. Id.

In Tennessee, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever, except [those held under federal authority], may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment and restraint." Church v. State, 987 S.W. 2d 855, 857 (Tenn. Crim. App. 1998); Tenn. Code Ann. §29-21-101. The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. Archer v. State, 851 S.W. 2d 157, 163 (Tenn. 1993) (citing State ex rel. Newsom v. Henderson, 221 Tenn. 24, 424 S.W. 2d 186, 189 (1968)). A writ of habeas corpus may be granted only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 222 Tenn. 50, 432 S.W.2d 656 (1968); State ex rel. Wade v. Norvell, 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969). The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 504, 381 S.W. 2d 290, 291-92 (1964).

The petitioner has not established that he is entitled to habeas corpus relief. He has alleged neither a facially invalid judgment nor an expired sentence. The trial court correctly found that the petitioner's claim of ineffective assistance of trial counsel could not be considered as one for post-conviction relief because the petition was not timely filed. Moreover, the claim has been previously determined. See Thomas Eugene Hargis v. State, No. 88-89-III (Tenn. Crim. App., at Nashville, Feb. 24, 1989), app. denied (Tenn. May 8, 1989).

Accordingly, the state's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JAMES CURWOOD WITT, JR., JUDGE