# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## STATE OF TENNESSEE v. ROGER K. JONES

### Appeal from the Circuit Court for Morgan County
### No. 8949    E. Eugene Eblen, Judge

---

### No. E2003-02501-CCA-R3-HC - Filed September 8, 2004

---

The petitioner, Roger K. Jones, appeals the order dismissing his petition for writ of habeas corpus. The state has filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. The petition fails to establish either a void judgment or an expired sentence. Accordingly, the state's motion is granted and the judgment of the trial court is affirmed.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Tenn. Ct. Crim. App. R.

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which GARY R. WADE, P.J., AND NORMA MCGEE OGLE, J., joined.

Joe H. Walker, District Public Defender, and Walter B. Johnson, II, Assistant Public Defender, for the appellant, Roger K. Jones.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; J. Scott McCluen, District Attorney General; Frank A. Harvey, Assistant District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

The petitioner was convicted of first degree murder pursuant to an <u>Alford</u> guilty plea[1] entered in June 1981 and was sentenced to life imprisonment. Less than one month later, the petitioner attempted to withdraw his plea alleging ineffective assistance of counsel and an involuntary plea. The trial court denied the motion. On direct appeal, the judgment of the trial court was affirmed. <u>See</u> <u>Roger Jones v. State</u>, No. 528 (Tenn. Crim. App. Nov. 12, 1982), <u>app. denied</u> (Tenn. Jan. 24, 1983). The petitioner first sought post-conviction relief in March 1983. He claimed that his trial

---

[1] A defendant may enter a guilty plea and still protest his or her innocence if, within the discretion of the trial court, the plea is in the defendant's best interest. This plea is recognized as an Alford plea. See <u>North Carolina v. Alford</u>, 400 U.S. 25, 37, 91 S. Ct. 160, 167, 27 L. Ed. 2d 162 (1970); <u>Dortch v. State</u>, 705 S.W.2d 687, 689 (Tenn. Crim. App. 1985).

counsel was ineffective for failing to inform him of the conditions of incarceration imposed on Class X felons and that the trial court misled him on the matter and thereby accepted an uninformed guilty plea. The post-conviction court denied relief and this court affirmed the judgment on appeal. See Roger K. Jones v. State, No. 612 (Tenn. Crim. App. Apr. 17, 1984). The petitioner filed a second post-conviction petition in June 1989. His claims included ineffective assistance of trial counsel with regard to the entry of his guilty plea, prosecutorial misconduct in that prosecutors withheld sentencing information, and ineffective assistance of appellate counsel on direct appeal and on appeal from the denial of his first petition for post-conviction relief. The post-conviction court summarily dismissed the petition and its decision was affirmed on appeal. See Roger K. Jones v. State, No. 935 (Tenn. Crim. App. May 22, 1991), app. denied (Tenn. Sept. 30, 2001).

On January 27, 2003, the petitioner filed the instant petition seeking a writ of habeas corpus. The petitioner essentially claimed that his judgment was void because the trial court was without authority or jurisdiction to advise him during the guilty plea submission hearing that his life sentence was subject to sentence reduction credits. More specifically, the petitioner asserted that his sentence, which he characterizes as "life imprisonment with sentence reduction credits," was not statutorily authorized and that he only entered the plea based on incorrect assertions by the trial court and trial counsel that he could be eligible for parole in fifteen to sixteen years with sentence reduction credits.[2] The petitioner moved the court below to discharge him from custody or remand his case for further proceedings. The court dismissed the petition, finding that it failed to establish a cognizable claim for relief.

In this state, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever, except [those held under federal authority], may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment and restraint." Church v. State, 987 S.W.2d 855, 857 (Tenn. Crim. App. 1998); Tenn. Code Ann. § 29-21-101. The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. Archer v. State, 851 S.W. 2d 157, 163 (Tenn. 1993) (citing State ex rel. Newsom v. Henderson, 221 Tenn. 24, 424 S.W.2d 186, 189 (1968)). Habeas corpus relief is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that his sentence has expired. Archer, 51 S.W.2d at 164. The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 504, 381 S.W.2d 290, 291-92 (1964).

Initially, the court notes that the petitioner has not attached to his petition a copy of the judgment by which he is being restrained or offered any reason for its absence. See Tenn. Code Ann. § 29-21-107(b)(2). He has, however, attached a transcript of the guilty plea submission hearing. The petitioner concedes that his life sentence has not expired. And his claim of a void judgment is simply without merit. The petitioner does not contend that he could not receive a life sentence for his first degree murder conviction under the Class X Felonies Act of 1979, only that he could not be

---

[2]According to his testimony at the hearing on the habeas corpus petition, the petitioner became eligible for and began receiving sentence reduction credits in 1986. See Tenn. Code Ann. § 41-21-236(c)(3)(2004).

-2-

sentenced to life "with sentence reduction credits." On the latter point, the petitioner correctly contends that his 1981 life sentence for a Class X felony was not subject to reduction "for good, honor or incentive or other sentence credits of any sort." Tenn. Code Ann. § 39-5403 (Supp. 1979) (repealed 1982). Again, the challenged judgment is not before us. The transcript of the guilty plea hearing, however, belies the petitioner's assertion that the trial court informed him that sentence reduction credits were available which would make him eligible for parole after serving 15 to 16 years of his life sentence. In fact, the trial court expressly advised the petitioner at least twice before accepting his plea that under the applicable law, he would be required to serve 30 years before becoming parole-eligible. Further, the trial court declined to attempt to explain to the petitioner any credits, work programs and other incentives which existed in the penitentiary, noting that he could not "hold out anything different" other than the law requiring service of 30 years on a life sentence before eligibility for parole.

The petitioner's related claim that ineffective assistance of trial counsel led him to enter a guilty which was not voluntary, knowing and intelligent, if proven, would render the challenged judgment voidable rather than void. The "authorized avenue for attacking a voidable judgment is a petition for post-conviction relief." State v. McClintock, 732 S.W.2d 268, 272 (Tenn. 1987). As noted, however, the petitioner has previously exercised his right to seek post-conviction relief. See Tenn. Code Ann. § 40-30-102(c). Finally, issues concerning the petitioner's awareness of the length of his sentence, his eligibility for parole and the voluntariness of his guilty plea have been previously determined on direct appeal. See State v. Roger Jones, No. 528, slip op. at 2-3 (Tenn. Crim. App. Nov. 12, 1982).

Accordingly, the state's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Tenn. Ct. Crim. App. R.

_____
JOSEPH M. TIPTON, JUDGE

-3-