# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## GEORGE G. FAULKNER v. HOWARD CARLTON, WARDEN, and the STATE OF TENNESSEE

**Appeal from the Circuit Court for Johnson County**
**No. 4315    Lynn W. Brown, Judge**

---

**No. E2004-00387-CCA-R3-HC - Filed September 24, 2004**

---

The petitioner, George G. Faulkner, appeals the order dismissing his petition for writ of habeas corpus. The state has filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. The petition fails to establish a cognizable claim for relief.  Accordingly, the state's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Tenn. Ct. Crim. App. R.**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JAMES CURWOOD WITT, JR., joined.

George G. Faulkner, pro se.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; J. Scott McCluen, District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The petitioner was convicted in April 1997 of first degree murder and attempted first degree murder.  Upon these convictions, he was sentenced to life imprisonment and twenty-five years, respectively.  On direct appeal, the judgment of the trial court was affirmed.  See State v. George Glenn Faulkner, No. M1998-00066-CCA-R3-CD (Tenn. Crim. App. June 2, 2000), app. denied (Tenn. Jan. 16, 2001).

On December 19, 2003, the petitioner filed the instant petition seeking a writ of habeas corpus.  The petitioner claimed that his convictions and sentences were rendered void as a result of his attorneys' refusal to permit him to testify in his own defense at trial.  The trial court dismissed the petition, finding that it failed to present a valid claim for habeas corpus relief.

In this state, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever, except [those held under federal authority], may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment and restraint." Church v. State, 987 S.W.2d 855, 857 (Tenn. Crim. App. 1998); Tenn. Code Ann. § 29-21-101. The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. Archer v. State, 851 S.W. 2d 157, 163 (Tenn. 1993) (citing State ex rel. Newsom v. Henderson, 221 Tenn. 24, 424 S.W.2d 186, 189 (1968)). Habeas corpus relief is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that his sentence has expired. Archer, 51 S.W.2d at 164. The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 504, 381 S.W.2d 290, 291-92 (1964).

The essence of the petitioner's claim is that his attorneys violated his Fifth Amendment right to testify in his own defense. This claim is not cognizable in a habeas corpus proceeding. If a claimed illegality renders the judgment or sentence voidable, rather than void, no relief can be granted. Archer, 851 S.W. 2d at 861. The "authorized avenue for attacking a voidable judgment is a petition for post-conviction relief." State v. McClintock, 732 S.W.2d 268, 272 (Tenn. 1987). In this case, however, it appears that the applicable statute of limitations for seeking post-conviction relief has expired. See Tenn. Code Ann. § 40-30-102(a). Based on our review of the record, pleadings, and applicable law, this court concludes that the petition for habeas corpus relief was properly dismissed.

Accordingly, the state's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Tenn. Ct. Crim. App. R.

_____
JOSEPH M. TIPTON, JUDGE