IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 16, 2004

## JAMES WILLIAM PARSONS, JR. v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Johnson County**
**No. 4381    Lynn W. Brown, Judge**

—————————

**No. E2004-01838-CCA-R3-HC - Filed May 6, 2005**

—————————

The petitioner, James William Parsons, Jr., filed a petition for a writ of habeas corpus, alleging that he pled guilty to an illegal sentence. The trial court denied the petition, and the petitioner now appeals. Upon review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID H. WELLES and DAVID G. HAYES, JJ., joined.

Douglas A. Trant, Knoxville, Tennessee, for the appellant, James William Parsons, Jr.

Paul G. Summers, Attorney General and Reporter, and Renee W. Turner, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I.  Factual Background

On October 15, 1999, the petitioner pled guilty in the Johnson County Criminal Court to theft of property over $1,000, a Class D felony; arson, a Class E felony; possession of a weapon with the intent to employ it in the commission of an offense, a Class E felony; and consuming alcohol under the age of twenty-one, a Class A misdemeanor. The trial court sentenced him to an effective two-year, one-day sentence. On September 1, 2000, the petitioner pled guilty to selling a Schedule II controlled substance, a Class C felony, and was sentenced to four years on community corrections. In August 2002, the petitioner pled guilty in federal court to possession with the intent to distribute methamphetamine and possession of a firearm in relation to a drug offense. The federal court used the petitioner's prior convictions to enhance his federal sentences and sentenced him to three hundred and eight months in prison. The record reflects that the petitioner is currently serving his federal sentence in Beckley, West Virginia.

On April 5, 2004, the petitioner filed a petition for writ of habeas corpus, alleging that the community corrections sentence he received in Johnson County for selling a Schedule II controlled substance was illegal. According to the petition, the petitioner had been ineligible for community corrections because he had prior convictions for arson, which he claims is a violent felony offense,[1] and possession of a weapon with the intent to employ it in the commission of an offense. The petitioner asked to withdraw his September 1, 2000, guilty plea and proceed with trial. The trial court dismissed the petition, and the petitioner appealed to this court.

## II. Analysis

In Tennessee, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever, except [those held under federal authority], may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment and restraint." Church v. State, 987 S.W.2d 855, 857 (Tenn. Crim. App. 1998); Tenn. Code Ann. § 29-21-101. The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. Archer v. State, 851 S.W.2d 157, 163 (Tenn. 1993) (citing State ex rel. Newsom v. Henderson, 221 Tenn. 24, 424 S.W.2d 186, 189 (1968)). A writ of habeas corpus may be granted only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 222 Tenn. 50, 432 S.W.2d 656 (1968); State ex rel. Wade v. Norvell, 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969). The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 504, 381 S.W.2d 290, 291-92 (1964). A petition seeking issuance of a writ of habeas corpus may be summarily dismissed by a trial court if it fails to indicate that the petitioner's conviction is void. Tenn. Code Ann. § 29-21-109.

This court concludes that the petitioner has not presented a cognizable claim for habeas corpus relief. Eligibility for the Community Corrections Program is governed by Tenn. Code Ann. § 40-36-106 which states, in pertinent part:

> (a)(1) An offender who meets all the following minimum criteria shall be considered eligible for punishment in the community under the provisions of this chapter: . . .
>
> (C) Persons who are convicted of nonviolent felony offenses;
>
> (D) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved . . . .

---

[1]Despite the petitioner's claim, arson is not a violent crime per se. A violent felony offense involves serious bodily injury or death to a victim or bystander, "does not involve threats reasonably calculated to produce such results, and does not involve sexual contact or sexual penetration." Tenn. Code Ann. § 40-35-102(11). According to the petitioner's federal presentence report, the petitioner's arson conviction resulted from his setting a car on fire. Arson under these circumstances is not a violent felony offense.

2

(b) Offenders shall not be excluded from the program on the basis of prior convictions for nonviolent felony offenses, but may at the discretion of the trial court and local community corrections advisory board, be excluded on the basis of prior convictions for felony offenses which would not meet the eligibility criteria provided in subsection (a).

As subsection (b) explains, it is within a trial court's discretion to exclude a petitioner from the Community Corrections Program based upon prior convictions that do not meet the criteria in subsection (a). Thus, as long as the petitioner met the criteria outlined in Tenn. Code Ann. 40-36-106(a) for his selling a Schedule II controlled substance conviction, he could be sentenced to the community corrections program, and his community corrections sentence was not illegal.

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE