IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 15, 2005

## JAMES EMMETT MOSES, JR. v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Hardeman County**
**No. 05-02-0026    Jon Kerry Blackwood, Judge**

---

**No. W2005-01071-CCA-R3-HC  - Filed December 9, 2005**

---

The petitioner, James Emmett Moses, Jr., pleaded guilty to aggravated burglary, two counts of robbery, and theft of property under $500, for which he received an effective 26-year incarcerative sentence. On direct appeal, the petitioner unsuccessfully challenged his sentences as excessive. *See State v. James Emmett Moses, Jr. v. State*, No. W1999-01509-CCA-R3-CD (Tenn. Crim. App., Jackson, Mar. 7, 2000) (hereinafter *Moses I*). The petitioner then sought and was denied post-conviction relief. *See James Emmett Moses, Jr. v. State*, No. W2001-01394-CCA-R3-PC (Tenn. Crim. App., Jackson, Feb. 22, 2002) (hereinafter *Moses II*). The petitioner subsequently filed a habeas corpus petition alleging that he received an illegal sentence pursuant to *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), and the habeas corpus court summarily dismissed the petition. The petitioner now brings the instant appeal challenging that denial, and after a thorough review of the record and applicable law, we affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and J.C. MCLIN, JJ., joined.

James Emmett Moses, Jr., Appellant, *Pro Se*.

Paul G. Summers, Attorney General & Reporter; Brian C. Johnson, Assistant Attorney General; and Elizabeth T. Rice, District Attorney General, for the Appellee, State of Tennessee.

### OPINION

On direct appeal, this court summarized the facts underlying the petitioner's convictions as follows:

The appellant's convictions stem from one continuous criminal episode which occurred on the afternoon of September 16, 1998, in Halls, Tennessee. Around 3:30 p.m., the appellant approached Neal Dyer and demanded his money. Mr. Dyer

handed the appellant $102 and the appellant fled in his vehicle. This incident resulted in the appellant's charge for theft.

Around 4:40 p.m., the appellant entered the residence of Doris and Jack Henderson under the pretense that he needed to use their telephone. Immediately upon entering the residence, he grabbed Mrs. Henderson, putting his hand over her mouth, telling her that he had a gun and he was going to kill her. After moving into the kitchen with his victim, the appellant threw Mrs. Henderson onto the floor and "beat [her] across the head and the back." The appellant then took an undetermined amount of money from Mrs. Henderson's purse. At this point, Mr. Henderson entered his home and was grabbed by the appellant. After being "push[ed] and shov[ed] around," the appellant began "hollering" at Mr. Henderson, "I'll kill you!" and "I want your money!" Mr. Henderson retrieved his wallet from the bedroom and handed the appellant the thirty dollars it contained. The appellant then fled from the residence.

*Moses I*, slip op. at 2.

The petitioner argues that the habeas corpus court erred when summarily dismissing his petition because he is entitled to relief pursuant to *Blakely*. The state counters that the court correctly summarily dismissed the petition because the petitioner had failed to allege a cognizable basis for habeas corpus relief.

In Tennessee, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever, except [those held under federal authority], may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment and restraint." *Church v. State*, 987 S.W.2d 855, 857 (Tenn. Crim. App. 1998); *see* Tenn. Code Ann. § 29-21-101 (2000). The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. *State ex rel. Kuntz v. Bomar*, 214 Tenn. 500, 504, 381 S.W.2d 290, 291-92 (1964). If the petitioner carries this burden, he is entitled to immediate release. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). A petition seeking issuance of a writ of habeas corpus may be summarily dismissed by a trial court if it fails to indicate that the petitioner's conviction is void. Tenn. Code Ann. § 29-21-109 (2000).

As noted above, the petitioner seeks habeas corpus relief pursuant to *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), alleging that his sentence was impermissibly enhanced in violation of his right to trial by jury. However, this argument must fail because our supreme court has recently held that *Blakely* is inapplicable to the Tennessee sentencing scheme. *See State v. Gomez*, 163 S.W.3d 632 (Tenn. 2005), *petitions for reh'g denied* (Tenn. 2005). Accordingly, the sentencing considerations applied to the petitioner's sentence do not run afoul of the petitioner's Sixth Amendment right to trial by jury. Moreover, prior to the publication of *Gomez*, this court held that any *Blakely*-type errors would merely render a sentence voidable, not void. *See Earl David Crawford v. Ricky Bell*, No. M2004-02440-CCA-R3-HC, slip op. at 2 (Tenn. Crim. App., Nashville, Feb. 15, 2005) (noting that "even if there was a violation of the [petitioner]'s

constitutional right at the time of conviction and sentencing, such violation would render the judgment voidable, and not void, unless the face of the record establishes that the trial court did not have jurisdiction to convict or sentence the [petitioner]").

In sum, the petitioner has failed to demonstrate that his convictions are void or that his sentences have expired. Accordingly, we hold that the petitioner is not entitled to habeas corpus relief, and the judgment of the lower court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE