# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## ANDREW EWING v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-23639    Carolyn W. Blackett, Judge**

---

**No. W2004-03007-CCA-R3-PC  - Filed May 24, 2006**

---

The Petitioner, Andrew Ewing, appeals the trial court's denial of his petition for post-conviction relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  Because the petition for post-conviction relief is barred by the statute of limitations, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES AND J.C. MCLIN, JJ.  joined.

Robert B. Gaia, Memphis, Tennessee, for the appellant, Andrew Ewing.

Paul G. Summers, Attorney General & Reporter; Sophia S. Lee, Assistant Attorney General, for the appellee, the State of Tennessee.

## MEMORANDUM OPINION

In December 1995, a Shelby County jury found the Petitioner, Andrew Ewing, guilty of first degree murder and aggravated burglary.  At a subsequent sentencing hearing, Petitioner Ewing was sentenced to life in prison.  On direct appeal to this Court, the Petitioner's convictions and sentences

were affirmed. *State v. Andrew Ewing*, No. 02C01-9604-CR-00119, 1997 WL 686256, at \*1-2 (Tenn. Crim. App., at Jackson, Nov. 5, 1997), *perm. to appeal denied*, (Tenn. Jun. 28, 1999).

A petition for post-conviction relief was filed on July 10, 2000. As basis for relief, the Petitioner alleged that trial counsel was ineffective. The affidavit attached to the petition was signed by the Petitioner on July 3, 2000. By order entered August 25, 2000, the trial court appointed private counsel to represent Petitioner in the post-conviction proceedings. Appointed counsel subsequently filed an amended petition. On May 30, 2001, the trial court granted appointed counsel's motion to withdraw from further representation of the Petitioner in the post-conviction matter. Substitute counsel was then appointed. A hearing was held on the petition on October 4, 2002, and was taken under advisement by the trial court. On November 22, 2004, the trial court entered an order dismissing the petition as time-barred. A notice of appeal document was timely filed on December 17, 2004.

The State has filed a motion requesting summary affirmance by this Court by memorandum opinion. *See* Tenn. Ct. Crim. App. R. 20. The State maintains that the petition is barred by the one-year statute of limitations. In his initial brief, the Petitioner maintains that his petition should not be dismissed on this basis as the State failed to rely upon a statute of limitations argument at the trial level. In this regard, it appears that the Petitioner contends that the application of the one-year statute of limitations to his petition would violate his due process rights.

Pursuant to Tennessee Code Annotated section 40-30-102(a), a person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment becomes final. The statute emphasizes that "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise." T.C.A. § 40-30-102(a).

This Court has previously held, in *Church v. State*, 987 S.W.2d 855, 857 (Tenn. Crim. App. 1998), that the 1995 Post-Conviction Procedure Act permits the trial court to dismiss a petition based upon a procedural bar without the issue first being raised by the State. Additionally, section 40-30-102(b), Tennessee Code Annotated, provides that the trial court does not have jurisdiction to consider a petition for post-conviction relief if it was filed outside the one-year statute of limitations unless (1) the claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required; (2) the claim in the petition is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or (3) the claim in the petition seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid. In the present case, this Court affirmed the Petitioner's conviction on November 5, 1997, and the Tennessee Supreme Court denied the Petitioner's application for

2

permission to appeal on June 28, 1999.  Thus, the Petitioner had one year in which to pursue a post-conviction remedy.  The present petition was not filed until July 10, 2000, outside the statute of limitations.  The Petitioner has failed to show that any of his claims fall within one of the exceptions set forth in T.C.A. § 40-30-102.

For the reasons stated herein, we conclude that the trial court did not err in summarily dismissing the petition for post-conviction relief as time-barred.  Accordingly, it is ordered that the State's motion is granted.  The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

ALAN E. GLENN, JUDGE