IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 26, 2010

## MILTON L. BYRD v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Bledsoe County**
**No. 2009-CR-48      Thomas W. Graham, Judge**

---

**No. E2009-02615-CCA-R3-HC - Filed November 22, 2010**

---

The Petitioner, Milton L. Byrd, appeals as of right from the Bledsoe County Circuit Court's summary dismissal of his petition for writ of habeas corpus attacking his 1992 convictions of aggravated assault and second degree murder.  On appeal, he contends that the judgments are void because (1) they were imposed in contravention of the law concerning the service of sentences for offenses committed while on bail, and (2) he was erroneously declared infamous.  Following our review, we affirm the order of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right ; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Milton L. Byrd, Pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; James Michael Taylor, District Attorney General; for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

The record reflects that, on September 24, 1992, the petitioner pleaded guilty in Hamilton County Criminal Court case number 191625 to aggravated assault and in Hamilton County Criminal Court case number 191626 to second degree murder. He received sentences of three years and sixteen years incarceration, respectively.  Although the judgments are silent as to the manner of service, the plea agreement reflects that the sentences were to be

served concurrently. Both judgments also rendered the petitioner infamous. The record further reflects that the second degree murder offense occurred while the petitioner was released on bond for the aggravated assault offense.

On September 28, 2009, the petitioner filed a petition for writ of habeas corpus alleging that his judgments were void because his sentences were required to be served consecutively and because, he alleged, the trial court erroneously declared him infamous. On October 16, 2009, the trial court summarily dismissed the petition based upon its findings that the petitioner was no longer restrained as a result of his convictions and that the convicting court correctly rendered the petitioner infamous based upon his felony convictions. The petitioner timely appealed the order of summary dismissal.

## II. Analysis

In Tennessee, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever, except [those held under federal authority], may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment and restraint." *Church v. State*, 987 S.W.2d 855, 857 (Tenn. Crim. App. 1998); Tenn. Code Ann. § 29-21-101. The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. *Archer v. State*, 851 S.W.2d 157, 163 (Tenn. 1993) (citing *State ex rel. Newsom v. Henderson*, 221 Tenn. 24, 424 S.W.2d 186, 189 (1968)). A writ of habeas corpus may be granted only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery v. Avery*, 222 Tenn. 50, 432 S.W.2d 656 (1968); *State ex rel. Wade v. Norvell*, 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969). The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. *State ex rel. Kuntz v. Bomar*, 214 Tenn. 500, 504, 381 S.W.2d 290, 291-92 (1964). A petition that fails to state a cognizable claim may be summarily dismissed by the trial court without appointment of counsel, without an evidentiary hearing, and without the opportunity to amend the petition. *See* Tenn. Code Ann. § 29-21-109; *Mitchell v. Carlton*, 1998 Tenn. Crim. App. LEXIS 45, *3, No. 03 C01-9704-CR-00125, 1998 WL 8505 (Tenn. Crim. App. Jan. 12, 1998).

The trial court ruled that the petitioner was no longer restrained as a result of these convictions and, therefore, could not pursue habeas corpus relief. *See Hickman v. State*, 153 S.W.2d 16 (Tenn. 2004) ("judgment itself [must] impose[s] a restraint upon the petitioner's freedom of action or movement" in order to be challenged in a habeas corpus proceeding). The record reflects that the petitioner was convicted in September 1992 and sentenced to an effective sixteen years in confinement. Thus, it appears that he is no longer restrained as a result of these convictions. Nevertheless, even if he were presently restrained, we note that a claim of illegal sentence based upon an erroneous concurrent or consecutive imposition

arising from a guilty plea is not a basis of relief in a habeas corpus proceeding. *See* Tenn. Code Ann. § 29-21-101(b)(1) (Supp. 2009) ( when challenged judgment resulted from "a guilty plea and negotiated sentence," a petitioner is not entitled to relief when he "received concurrent sentencing where there was a statutory requirement for consecutive sentencing").

Furthermore, the petitioner concedes, on appeal, that he is no longer restrained by these convictions but contends that his sentences were illegally imposed based upon the infamy order contained in the judgments. *See May v. Carlton*, 245 S.W.3d 340 (Tenn. 2008). However, the trial court correctly ruled that the infamy declaration was proper. The petitioner, having been convicted of felonies, was automatically rendered infamous. *See* Tenn. Code Ann. § 40-20-112 (2006) ("Upon conviction for any felony, it shall be the judgment of the court that the defendant be infamous and be immediately disqualified from exercising the right of suffrage."). Accordingly, the petitioner has failed to establish that he is entitled to habeas corpus relief.

## III. Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE