# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## JAMES C. WARD v. HOWARD CARLTON, WARDEN, and the STATE OF TENNESSEE

**Appeal from the Circuit Court for Johnson County**
**No. 4012     Robert E. Cupp, Judge**

---

**No. E2004-01397-CCA-R3-HC - Filed May 9, 2005**

---

The petitioner, James C. Ward, appeals from the trial court's order denying his petition for writ of habeas corpus. The state has filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. The petitioner has failed to establish his claim of a void judgment. Accordingly, the state's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., J., and NORMA MCGEE OGLE, J., joined.

James Ward, Mountain City, Tennessee, pro se.

Paul G. Summers, Attorney General and Reporter; Michelle Chapman McIntire, Assistant Attorney General; Joe C. Crumley, Jr., District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The record reflects that the petitioner was convicted in November 1991 pursuant to a plea agreement for second degree murder and sentenced as a Range II, multiple offender to thirty years in the custody of the Tennessee Department of Correction. No direct appeal was taken. On May 15, 2002, the petitioner sought habeas corpus relief. In his pro se petition, he claimed that his sentence was illegal and void because he had no prior convictions and was thus ineligible for sentencing as a Range II, multiple offender. On January 5, 2004, the petitioner amended his petition by further claiming that the sentence was imposed in violation of his due process rights.[1] Relying on the

---

[1] The record reflects that as a result of an oversight in the trial court clerk's office, the May 2002 petition was filed but never assigned to the trial judge or forwarded to the State Attorney General 's Office for further action. The filing of the amendment to the petition apparently triggered the delayed ruling on the petition.

principles set forth in <u>State v. Mahler</u>, 735 S.W. 2d 226 (Tenn. 1987), the trial court found that the petitioner's sentence was permissible and denied relief.

In Tennessee, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever, except [those held under federal authority], may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment and restraint." <u>Church v. State</u>, 987 S.W. 2d 855, 857 (Tenn. Crim. App. 1998); T.C.A.. § 29-21-101. A writ of habeas corpus may be granted only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. <u>See</u> <u>Ussery v. Avery</u>, 222 Tenn. 50, 432 S.W.2d 656 (1968); <u>State ex rel. Wade v. Norvell</u>, 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969).

In the present case, the petitioner has failed to establish his claim of an illegal sentencing judgment. Even though he may not have otherwise been eligible for sentencing as a Range II, multiple offender, the petitioner, originally indicted for first degree murder, concedes that he pleaded guilty to second degree murder and agreed to a sentence of thirty years as a Range II offender under the terms of his plea agreement. Second degree murder is a Class A felony. Tenn. Code Ann. § 39-13-210. Pursuant to Section 40-35-111(b)(1), the sentencing range for a Class A felon is "not less than fifteen (15) nor more than sixty (60) years." The petitioner's thirty year sentence is thus within the applicable sentencing range for the conviction offense. Further, the sentence is within the statutory range of "not less than twenty-five (25) nor more than forty (40) years" for a Range II offender committing a Class A felony. Tenn. Code Ann. § 40-35-112(b). Our supreme court has rejected similar sentencing challenges where the sentence imposed was, as in the case sub judice, within the statutory limits established for the conviction offense, holding that a defendant can waive the range classification as part of a negotiated guilty plea. <u>Mahler</u>, 735 S.W.2d at 228; <u>Hicks v. State</u>, 945 S.W.2d 706, 709 (Tenn. 1997).

Upon due consideration of the pleadings, the record, and the applicable law, the court concludes that the petitioner has not established that he is entitled to habeas corpus relief. Accordingly, the state's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

JOSEPH M. TIPTON, JUDGE