# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs January 24, 2012

## WILLIAM L.A. CHURCH v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Hamilton County**
No. 280804    Rebecca J. Stern, Judge

---

**No. E2011-01650-CCA-R3-CO - Filed March 27, 2012**

---

The petitioner, William L.A. Church, challenges the trial court's denial of his petitions for writ of error coram nobis relief from his convictions for passing a forged check and aggravated assault, alleging that newly discovered evidence warrants relief. Upon review, we conclude that the petitioner failed to allege any "newly discovered evidence" and affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and JEFFREY S. BIVINS, JJ., joined.

William L.A. Church, Helena, Oklahoma, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; and William H. Cox, III, District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

In 1980, the petitioner pled guilty to passing a forged check; in 1981, he pled guilty to four counts of aggravated assault. See Church v. State, 987 S.W.2d 855, 856 (Tenn. Crim. App. 1998). The petitioner did not file a direct appeal of those convictions. See William L.A. Church v. State, No. E2005-02037-CCA-R3-HC, 2006 WL 2277645, at *1 (Tenn. Crim. App. at Knoxville, Aug. 9, 2006).

Thereafter, the petitioner, much aggrieved by his convictions, repeatedly pursued relief from his convictions. First, the petitioner filed "several, consolidated petitions for post-conviction relief" which were denied, and the denial was affirmed on appeal. See William L. Church v. State, No. 03C01-9207-CR-00242, 1993 WL 209554, at *1 (Tenn. Crim. App. at Knoxville, June 15, 1993.

Next, the petitioner filed another post-conviction petition, which was dismissed as time-barred. See Church, 987 S.W.2d at 857. Simultaneously, the petitioner filed a petition for a writ of habeas corpus, alleging that he "is not the person who pled guilty and was convicted as shown in the guilty plea hearing transcripts and records previously provided to him." Id. at 858. Finding no merit to his claims, the habeas corpus court denied the petition. On appeal, this court affirmed the dismissal of the post-conviction petition and the denial of the habeas corpus petition. Id. at 857, 859.

The petitioner then filed another petition for a writ of habeas corpus, seeking "to have the cases reopened and an opportunity to present 'newly discovered evidence' that he was not the 'William L. Church' against whom the judgments had been entered." Church, No. E2005-02037-CCA-R3-HC, 2006 WL 2277645, at *1. On appeal, this court affirmed the habeas corpus court's denial of the petition, stating that "the petitioner's claim of mistaken identity has been previously determined against him and do[es] not establish that the convictions are void." Id. at *2.

Subsequently, the petitioner filed the motions that are the basis of the instant appeal, namely an "Emergency Motion" and a "Motion to Order Documents for Newly Discovered Evidence and Testing." In the motions, the petitioner alleged that his fingerprints were taken in August 2010 and that testing on his fingerprints "came back negative in part." The petitioner further alleged that his photographs in his high school yearbook and in various news reports reflect that he was not the person who pled guilty to forgery and aggravated assault. Instead, he maintained that the person or persons responsible were "terrorists and Iranian nationalists who were informants in federal counterintelligence and infiltration programs" who were implicating the petitioner by fraudulently using a social security number that was issued to him in the course of his involvement "in federal counterintelligence and infiltration programs."

The trial court treated the motions as petitions for a writ of error coram nobis and noted that both motions concerned "the petitioner's allegation of newly discovered evidence, fingerprints and photographs, that he is not [the person who pled guilty to the aforementioned charges]." The court noted that the petitioner had unsuccessfully litigated the same or similar claims before. Further, the court noted that none of the evidence alleged by the petitioner constituted newly discovered evidence, stating that the "fingerprints and photographs of the

judgment defendant were continuously available in the record" and that the "fingerprints of the petitioner were continuously available to him, and, by his own account, photographs of him were so, too." Accordingly, the court found that "the petitioner cannot establish faultlessness in failing to present newly discovered but continuously available evidence before now." Therefore, the court dismissed the petitions. On appeal, the petitioner challenges the trial court's ruling.

## II. Analysis

Tennessee Code Annotated section 40-26-105 provides:

> There is hereby made available to convicted defendants in criminal cases a proceeding in the nature of a writ of error coram nobis, to be governed by the same rules and procedure applicable to the writ of error coram nobis in civil cases, except insofar as inconsistent herewith. . . . Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

Generally, a decision whether to grant a writ of error coram nobis rests within the sound discretion of the trial court. See State v. Hart, 911 S.W.2d 371, 375 (Tenn. Crim. App. 1995).

Initially, we note that the petitioner's petition for a writ of error coram nobis was filed outside the one-year statute of limitation. Tenn. Code Ann. § 27-7-103. However, the State did not raise the untimeliness of the petition as an affirmative defense nor did the trial court deny the petition on this basis. See Harris v. State, 102 S.W.3d 587, 593 (Tenn. 2003) (stating that "the State bears the burden of raising the bar of the statute of limitations as an affirmative defense"). We will briefly address the petitioner's concerns.

The writ of error coram nobis, now codified in Tennessee Code Annotated section 40-26-105, is a post-conviction mechanism that has a long history in the common law and the State of Tennessee. See, e.g., State v. Vasques, 221 S.W.3d 514, 524-26 (Tenn. 2007). The writ "is an extraordinary procedural remedy . . . [that] fills only a slight gap into which few cases fall." State v. Mixon, 983 S.W.2d 661, 672 (Tenn. 1999). By its terms, the statute is "confined" to cases in which errors exist outside the record and to matters that were not

previously litigated. Tenn. Code Ann. § 40-26-105(b). Where the case involves a matter that has been previously litigated, the writ will not lie unless the petitioner demonstrates that he was without fault in failing to present the evidence and that the evidence "may have resulted in a different judgment." Id.

In the instant case, the trial court correctly found that the petitioner's claims of mistaken identity have been previously raised and litigated. The court also correctly held that the evidence alleged by the petitioner is not "newly discovered" in that the evidence was or could have been available to the petitioner for a considerable amount of time. We conclude that the trial court did not err in dismissing the petitions.

### III. Conclusion

We conclude that the trial court correctly dismissed the petitions for a writ of error coram nobis; therefore, the judgment of the trial court is affirmed.

_____
NORMA MCGEE OGLE, JUDGE