# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## ANTONIO YOUNG v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
**No. 254018     Stephen M. Bevil, Judge**

---

**No. E2005-02457-CCA-R3-HC - Filed August 29, 2006**

---

The petitioner, Antonio Young, appeals from the order dismissing his petition for writ of habeas corpus. The state has filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. The petitioner has failed to establish that he is entitled to habeas corpus relief.  Accordingly, the state's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Antonio Young, Whiteville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; C. Daniel Lins, Assistant Attorney General, for the Appellee, State of Tennessee.

## MEMORANDUM OPINION

The challenged judgment is not before this court.  According to the trial court's order, in February 1998, the petitioner was convicted pursuant to his plea of guilty for second degree murder. Although qualifying as a Range I offender, the petitioner agreed to be sentenced to forty years as a Range II offender.  Also pursuant to his plea agreement, pending charges in several other cases were dismissed.  No direct appeal was taken.  The petitioner later filed for post-conviction relief based on his claim that his trial counsel was ineffective, and the trial court denied his petition following an evidentiary hearing. See Antonio Young v. State, No. E2001-00761-CCA-R3-PC (Tenn. Crim. App. Oct. 30, 2002).  In affirming the denial of post-conviction relief, this court summarized the petitioner's plea agreement as follows:

> Following the petitioner's indictment for charges of first-degree murder and aggravated robbery, the attorney whose performance is questioned in this action was appointed to represent the petitioner. Through negotiation with the state, counsel was

able to obtain a plea offer for the petitioner to plead guilty to second-degree murder and receive a Range II sentence of 40 years, to be served at no less than 85 percent before parole eligibility. The petitioner was a Range I offender; however, this deal was advantageous to him because it avoided a possible life sentence, disposed of the aggravated robbery charge, and disposed of several other unrelated felony charges that the petitioner had garnered while on bond. The petitioner accepted the offer and was sentenced in accord with the agreement.

Id., slip op. at 1.

On April 11, 2005, the petitioner filed a pro se petition for writ of habeas corpus in the Criminal Court for Hamilton County. The petitioner alleged that he was illegally sentenced within Range II, that he received ineffective assistance of counsel, and that his guilty plea was involuntarily and unknowingly entered. The trial court found that the illegal sentence claim was without merit and the remaining claims were not cognizable in a habeas corpus action and summarily dismissed the petition. The petitioner timely appeals.

Before this court, the petitioner asserts only that the trial court erred in dismissing his petition without the appointment of counsel or a hearing. It is "elementary that a habeas corpus petition may be dismissed without a hearing, and without the appointment of counsel for a hearing" if the petition does not allege facts showing that the petitioner is entitled to relief. State ex rel. Edmondson v. Henderson, 421 S.W.2d 635, 636 (Tenn.1967) (citing State ex rel. Byrd v. Bomar, 381 S.W.2d 280 (Tenn. 1964); T.C.A. § 29-21-109 (providing that a petition seeking issuance of a writ of habeas corpus may be summarily dismissed by a trial court if it fails to indicate that the petitioner's conviction is void). The question thus becomes whether the petition established a cognizable habeas corpus claim. Although the petitioner presents no argument regarding the merit of the claims set forth in his petition, this court has reviewed the record and concludes that the trial court properly denied relief.

In Tennessee, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever, except [those held under federal authority], may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment and restraint." Church v. State, 987 S.W.2d 855, 857 (Tenn. Crim. App. 1998); T.C.A. § 29-21-101. The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. Archer v. State, 851 S.W.2d 157, 163 (Tenn. 1993) (citing State ex rel. Newsom v. Henderson, 221 Tenn. 24, 424 S.W.2d 186, 189 (1968)). The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 504, 381 S.W.2d 290, 291-92 (1964). If the petitioner carries this burden, he is entitled to immediate release. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The petitioner submits that the trial court lacked jurisdiction to sentence him as a Range II offender. The trial court acknowledged the petitioner's status as a Range I offender but correctly found that the petitioner could agree to be sentenced within Range II as part of his plea agreement

with the state. Offender classifications and release eligibility "are non-jurisdictional and legitimate bargaining tools in plea negotiations under the Criminal Sentencing Reform Act of 1989." Bland v. Dukes, 97 S.W.3d 133, 134 (Tenn. Crim. App. 2002) (citing McConnell v. State, 12 S.W.3d 795, 798 (Tenn. 2000); Hicks v. State, 945 S.W.2d 706, 709 (Tenn. 1997)); State v. Mahler, 735 S.W.2d 226, 228 (Tenn. 1987). The petitioner fails to establish his claim of an illegal sentence.

Neither do the petitioner's allegations of ineffective assistance of counsel and an unknowing and involuntary guilty plea entitle him to habeas corpus relief. These claims, even if proven, would render the judgment voidable, not void, and are thus more properly raised in a post-conviction petition. As noted, however, the petitioner has previously sought post-conviction relief from the same judgment he challenges here. The petitioner is barred by the single-petition rule from challenging the judgment through a second post-conviction petition. See T.C.A. 40-30-102(c).

Upon due consideration of the pleadings, the record, and the applicable law, the court concludes that the petitioner has not established a cognizable claim for habeas corpus relief. Therefore, the trial court properly dismissed the petition without a hearing or the appointment of counsel  Accordingly, the state's motion is granted and the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOSEPH M. TIPTON, JUDGE