# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## LOUIS TYRONE ROBINSON v. RICKY BELL, Warden

**Appeal from the Circuit Court for Davidson County**
**No. 06C482     Walter C. Kurtz, Judge**

_____

### No. M2006-00869-CCA-R3-PC - Filed October 26, 2006

_____

This matter is before the Court upon the State's motion to affirm the judgment of the habeas corpus court by memorandum opinion pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. The Petitioner has appealed the habeas corpus court's order dismissing the petition for writ of habeas corpus. Upon a review of the record in this case, we are persuaded that the habeas corpus court was correct in dismissing the habeas corpus petition and that this case meets the criteria for affirmance pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Accordingly, the State's motion is granted and the judgment of the habeas corpus court is affirmed.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rule of the Criminal Court of Appeals

Robert W. Wedemeyer, J., delivered the opinion of the court, in which David H. Welles and Jerry L. Smith, JJ., joined.

Louis Tyrone Robinson, Nashville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; Michael Rohling, Assistant District Attorney General; for the Appellee, State of Tennessee.

### MEMORANDUM OPINION

The Petitioner is currently incarcerated serving a sentence of forty years as a persistent offender on a second degree murder conviction to which he pled guilty on April 26, 1993. The Petitioner has submitted multiple petitions for writs of habeas corpus, the latest in 2004. See Louis Tyrone Robinson v. Bell, No. M2003-02772-CCA-R3-HC, 2004 WL 2290485 (Tenn. Crim. App., at Nashville, Oct. 12, 2004), *perm. to app. denied* (Tenn. Jan. 18, 2005). In the current petition, the Petitioner requests relief because there is a facial deficiency in the indictment and/or the judgment.

Additionally, the Petitioner claims the judgments were obtained against him via altered court records, fraud, and criminal conspiracy on the part of the judge, court clerk, District Attorney's office, his attorney, and his bail bonding company. Also, the Petitioner alleges he has been denied due process of law. At the trial court, the State argued the Petitioner did not establish either a void judgment or an expired sentence. Finding the State's motion well taken, the trial court summarily denied the petition.

In Tennessee, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever, except [those held under federal authority], may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment and restraint." Church v. State, 987 S.W.2d 855, 857 (Tenn. Crim. App. 1998) (citing State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968)). A writ of habeas corpus may be granted only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 432 S.W.2d 656 (Tenn. 1968); State ex rel. Wade v. Norvell, 443 S.W.2d 839 (Tenn. Crim. App. 1969). The burden is on the Petitioner to establish that the judgment is void or that the sentence has expired. State ex rel. Kuntz v. Bomar, 381 S.W.2d 290, 291-91 (Tenn. 1964). A "habeas corpus petition may be dismissed without a hearing, and without the appointment of counsel for a hearing" if the petition does not allege facts showing the Petitioner is entitled to relief. State ex rel. Edmondson v. Henderson, 421 S.W.2d 635, 636 (Tenn. 1967) (citing State ex rel. Byrd v. Bomar, 381 S.W.2d 280 (Tenn. 1964)).

The Petitioner is currently incarcerated on a second degree murder conviction, obtained by a guilty plea. See Louis Tyrone Robinson, No. M2003-02772-CCA-R3-HC, 2004 WL 2290485, at *1-2 (discussing extensive procedural history). However, the Petitioner has only pointed to a sentencing hearing from a separate prior conviction to support his claim that he is entitled to habeas corpus relief. Thus, the Petitioner has not brought forth a single piece of evidence which would support his claims. The Petitioner's sentence is facially valid, as previously determined, and his claims that there was a criminal conspiracy against him could only be proven by proof from outside the record. Thus, the Petitioner's claims are not properly brought via a writ of habeas corpus. Even if the claims were meritorious, they would merely render the judgment voidable, not void. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). Thus, the claims made by the Petitioner are proper as post-conviction claims. The post-conviction statute of limitations has, however, long since run. The trial court correctly found that the Petitioner proved nothing which would make his judgment void.

Upon due consideration of the pleadings, the record, and the applicable law, the court concludes that the Petitioner has not established that he is entitled to habeas corpus relief based on a void judgment. Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance to Rule 20, Rule of the Court of Criminal Appeals.

ROBERT W. WEDEMEYER, JUDGE

-2-