IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 5, 2006

## ERIC D. WALLACE v. STEPHEN DOTSON, WARDEN

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 06-02-0126  Joseph H. Walker, III, Judge**

_____

**No. W2006-00908-CCA-R3-HC - Filed March 22, 2007**

_____

The petitioner, Eric D. Wallace, appeals from the circuit court's summary dismissal of his second pro se petition for writ of habeas corpus. Following our review of the parties' briefs and applicable law, we affirm the circuit court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. McLIN, J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ., joined.

Eric D. Wallace, Whiteville, Tennessee, Pro Se.

Michael E. Moore, Acting Attorney General and Reporter; David H. Findley, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

In 1995, the petitioner was convicted of first degree murder and attempted first degree murder and sentenced to consecutive sentences of life and fifteen years, respectively. The petitioner's convictions and sentences were affirmed on direct appeal. *State v. Eric D. Wallace*, No. 02-C-01-9604-CR-00125, 1997 WL 421011 (Tenn. Crim. App., at Jackson, July 28, 1997), *perm. app. denied* (Tenn. April 6, 1998). The petitioner was denied post-conviction relief. *Eric Wallace v. State*, No. W2000-02854-CCA-R3CD, 2002 WL 1483204 (Tenn. Crim. App., at Jackson, Feb. 19, 2002), *perm. app. denied* (Tenn. Sept. 9, 2002). Thereafter, the petitioner filed a petition for writ of habeas corpus, alleging that his indictments were defective. The Circuit Court of Lauderdale County dismissed the petition and dismissal was affirmed on appeal. *Eric D. Wallace v. Warden, James M. Dukes*, No. W2002-00882-CCA-R3-CO, 2002 WL 31895727 (Tenn. Crim. App., at Jackson, Dec. 31, 2002), *perm. app. denied* (Tenn. Mar. 10, 2003).

On July 19, 2002, the petitioner filed another petition for habeas corpus relief, alleging that there was a fatal variance between the indictment and the proof at trial, and the affidavit of complaint

and the arrest warrant were invalid. The Circuit Court of Hardeman County dismissed the petition, finding no cognizable claim for relief. The petitioner appealed.

In Tennessee, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever, except [those held under federal authority], may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment and restraint." *Church v. State*, 987 S.W.2d 855, 857 (Tenn. Crim. App. 1998); *see also* Tenn. Code Ann. § 29-21-101 *et seq*. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record of the proceedings upon which the judgment was rendered that a court was without jurisdiction to convict or sentence the petitioner or that the petitioner is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. *Archer*, 851 S.W.2d at 163. A void judgment is a facially invalid judgment, clearly showing that a court did not have statutory authority to render such judgment; whereas, a voidable judgment is facially valid, requiring proof beyond the face of the judgment to establish its invalidity. *See Taylor*, 995 S.W.2d at 83. The burden is on the petitioner to establish, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Moreover, it is permissible for a court to summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petitioner does not state a cognizable claim. *See Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).

The petitioner is not entitled to habeas corpus relief. To begin, the petitioner's allegation – that of a fatal variance between the offenses charged in the indictment and the proof at trial – is simply a different form of challenge to the validity of the indictment. This issue has already been adjudicated in a prior habeas proceeding and on appeal. *Wallace*, 2002 WL 31895727 (holding the indictment provided adequate notice of the offenses for which the petitioner was convicted, thus, the indictment was not defective). Moreover, this court has previously held that the allegation of a fatal variance between the indictment and proof at trial is not a cognizable ground for habeas corpus relief. *See William T. Yelton v. Robert Waller, Warden*, No. M2004-02529-CCA-R3-HC, 2006 WL 119628 (Tenn. Crim. App., at Nashville, Jan. 17, 2006); *Stephen Lajuan Beasley v. State*, No. E2005-00367-CCA-MR3-HC, 2005 WL 3533265 (Tenn. Crim. App., at Knoxville, Dec. 27, 2005), *perm. app. denied* (Tenn. May 30, 2006); *Byron Edwards v. State*, No. E2004-00918-CCA-R3-HC, 2004 WL 2951975 (Tenn. Crim. App., at Knoxville, Dec. 20, 2004), *perm. app. denied* (Tenn. Mar. 21, 2005).

Likewise, the petitioner's allegation that the affidavit of complaint and the arrest warrant were deficient is not a cognizable claim. In brief, the petitioner appears to argue rather abstrusely that the affidavit of complaint and arrest warrant were defective because the documents did not furnish notice of all the offenses charged and "had an effect on the legal proceedings prior to the indictment inasmuch as the warrant is the leading process." Upon review, we first note that the charging documents that support the petitioner's convictions are the indictments, not the arrest

warrants. "If the affidavit of complaint and arrest warrant were invalid and void that would not prevent a valid judgment of conviction from being obtained." *James Russell Gann v. State*, No. 03C01-9707-CR-00274, 1998 WL 334398, *1 (Tenn. Crim. App., at Knoxville, June 25, 1998) (citation omitted). As this court previously held, the indictment against the petitioner was not defective. *See Wallace*, 2002 WL 31895727. Therefore, the trial court, pursuant to a valid indictment, was vested with jurisdiction to adjudicate the petitioner's case and enter judgments of conviction. To reiterate, the judgment must be void on its face before it can be attacked by a petition for writ of habeas corpus. *See, e.g., Passarella v. State*, 891 S.W.2d 619 (Tenn. Crim. App. 1994). Therefore, the petitioner fails to state a cognizable claim for habeas corpus relief.

Upon due consideration of the pleadings, the record, and the applicable law, the court concludes that the petitioner has not established a cognizable claim for habeas corpus relief. The judgment dismissing the petition for writ of habeas corpus is affirmed.

_____
J.C. McLIN, JUDGE