IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 6, 2007

## RANDALL CARVER v. TONY PARKER, WARDEN

**Appeal from the Circuit Court for Lake County**
**No. 04-CR-8665   R. Lee Moore, Jr., Judge**

**No.W2006-01010-CCA-R3-HC  - Filed September 7, 2007**

Petitioner, Randall Carver, filed a *pro se* petition for writ of error coram nobis and/or habeas corpus relief.  The trial court treated the petition as one for post-conviction and summarily dismissed the petition.  On appeal, this Court affirmed the post-conviction court's dismissal of the petition.  *See Randall Carver v. State*, No. M2002-02891-CCA-R3-CO, 2003 WL 21145572 (Tenn. Crim. App., at Nashville, May 16, 2003).  Petitioner subsequently filed a petition for writ of habeas corpus, alleging numerous claims for relief.   The trial court denied the petition without a hearing, determining that because Petitioner failed to produce material to the court for consideration and that because Petitioner was being held by the State of Kentucky on Kentucky charges all of Petitioner's issues were moot.  Petitioner appealed.  On appeal, this Court, without reaching the merits of Petitioner's argument, remanded the case for determination of "why the counsel who represented the petitioner in the lower court is not representing the petitioner on appeal."  *See Randall Carver v. Tony Parker, Warden*, No. W2005-00522-CCA-R3-HC, 2006 WL 140408, at *2 (Tenn. Crim. App., at Jackson, Jan. 18, 2006).  On remand, the trial court learned that Petitioner had been granted parole on his underlying sentences in the State of Tennessee, waived extradition and was transferred to the custody of the State of Kentucky.  Subsequently, the trial court entered an order denying the petition for writ of habeas corpus.  Petitioner filed a timely notice of appeal.  He argues that he is entitled to request habeas corpus relief while being incarcerated in Kentucky and that this Court should transfer the petition to the court in which he was originally convicted.  Because an out-of-state resident may seek habeas corpus relief in Tennessee from a Tennessee conviction, *see State v. Church*, 987 S.W.2d 855, 857-58 (Tenn. Crim. App. 1998), and the supreme court recently determined in *Joseph Faulkner a/k/a Jerry Faulkner v. State*, ___ S.W.3d ___, 2007 WL 1226831, at *6 (Tenn. Apr. 27, 2007), that a "prisoner serving concurrent state and federal sentences in a federal correctional institution may challenge his state convictions through the use of the state writ of habeas corpus," we determine that the trial court did not lose jurisdiction to make a determination on the merits of Petitioner's claim by virtue of Petitioner's parole from his Tennessee convictions and incarceration in Kentucky.  Therefore, we reverse and remand the judgment of the trial court for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Reversed and Remanded.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID G. HAYES, and ALAN E. GLENN, JJ., joined.

James E. Lanier, District Public Defender and Patrick McGill, Assistant District Public Defender, for the appellant, Randall Carver

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; and Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual Background*

This case has a rather long and convoluted procedural history. Petitioner was originally indicted for attempted first degree murder and especially aggravated kidnapping. At a plea hearing on February 9, 2002, Petitioner agreed to amend the indictments and pled guilty to aggravated assault and attempted especially aggravated kidnapping. As a result, he was sentenced, respectively, to concurrent six- and eight-year sentences that were ordered to be served consecutively to Petitioner's prior unserved sentences from Kentucky. On October 22, 2002, he filed a *pro se* "Petition for Writ of Error Coram Nobis and/or Writ of Habeas Corpus," seeking relief because of newly-discovered evidence and because he pled guilty to aggravated assault which he argued was not a lesser-included offense of attempt to commit first degree murder, for which he was indicted. The trial court treated the petition as a petition for post-conviction relief and dismissed the petition without appointing counsel and without conducting an evidentiary hearing. Petitioner appealed. On appeal, this Court determined that Petitioner did not set out viable claims for coram nobis and/or habeas corpus relief. *See Randall Carver v. State*, No. M2002-02891-CCA-R3-CO, 2003 WL 21145572, at *1 (Tenn. Crim. App., at Nashville, May 16, 2003). Specifically, this Court determined that Petitioner agreed to an amendment of the indictment prior to his guilty plea and that the newly discovered evidence would not have changed the outcome of the proceedings. Additionally, this Court concluded that the trial court did not abuse its discretion by refusing to appoint counsel for Petitioner or dismissing the petition without an evidentiary hearing. *Id.* at *2-*3.

Subsequently, on December 8, 2004, Petitioner filed a petition for writ of habeas corpus in the Circuit Court of Lake County, alleging that: (1) the trial court did not have the authority to sentence him as a Range I offender for convictions for aggravated assault and attempted especially aggravated kidnapping; (2) the trial court did not have the authority to amend the indictments; (3) there is no such crime as attempt to commit especially aggravated kidnapping; (4) the decision in *Blakely v. Washington*, 542 U.S. 296 (2004), renders his sentence void; and (5) Petitioner's sentence has expired due to the administration of pretrial jail credits. On December 10, 2004, Petitioner filed an amendment to his petition raising two additional issues, including: (1) whether Sumner County

Criminal Court had jurisdiction to enter concurrent sentences while Petitioner was on parole at the time the judgments were entered; and (2) whether the judgments are void because the trial court failed to date them. Finally, on December 16, 2004, Petitioner filed a third petition for writ of habeas corpus, alleging additional grounds for relief.

On December 27, 2004, the trial court issued an order denying relief on several of the issues raised by the petitioner. Specifically, the trial court determined that the judgment clearly showed that "the attempted first degree murder charge was amended to aggravated assault at which time [Petitioner] entered a plea of guilty and agreed to serve a six-year sentence." Likewise, the trial court found that Petitioner agreed to an amendment of the indictment on the charge of especially aggravated kidnapping to attempted especially aggravated kidnapping. However, the court stated that there was insufficient information in the record to allow the court to rule on the remaining issues raised by Petitioner. The court gave Petitioner until January 30, 2005, to produce additional information, including "plea forms . . . [that] were signed and approved by [P]etitioner." In the order, the court also noted the issues Petitioner raised in his December 10, 2004, amendment to his petition. The court noted that the public defender's office was appointed to look into these two issues.

On February 7, 2005, the court filed an order stating that Petitioner failed to provide the information as requested by the court and denied the petition on all grounds except for the issues for which the public defender was appointed. The court scheduled a hearing on the remaining issues on February 22, 2005.[1]

On February 28, 2005, the court denied the petition for writ of habeas corpus. The Court stated:

> On December 27, 2004, . . . [t]he Court ruled on certain issues raised in the petition at that time without a hearing. The court allowed the petitioner additional time to produce other material to the Court for the Court's consideration. Thereafter the Public Defender . . . was appointed to look into limited issues in this case . . . . It was announced in open court on February 22, 2005, that the petitioner was now being held by the State of Kentucky on Kentucky charges. There does not appear to be any basis for granting his Petition for Writ of Habeas Corpus. Also the issues are now moot since he is no longer in custody in the State of Tennessee.

Petitioner appealed from the trial court's dismissal of the petition, *pro se*, contending that "he was on parole at the time said judgments was [sic] entered from the State of Kentucky; thus creating a 'mandatory' requirement of imposing consecutive sentences." Additionally, Petitioner argued that the trial court violated his due process by failing to appoint counsel for the entire petition, "instead appointing counsel to parts thereto." Finally, Petitioner contended that the court improperly

---

[1]There is no record of this hearing in the record before this Court.

dismissed the petition as moot because he was "clearly on parole from the State of Tennessee and thereto still in the State's custody."

On appeal, this Court did not reach the merits of Petitioner's arguments because it was not clear from the record when, if ever, the public defender's office withdrew from representation of Petitioner and why Petitioner proceeded *pro se* on appeal. *See Randall Carver v. Tony Parker, Warden*, No. W2005-00522-CCA-R3-HC, 2006 WL 140408, at *2 (Tenn. Crim. App., at Jackson, Jan. 18, 2006). Instead, this Court remanded the case for a determination of "why the counsel who represented the petitioner in the lower court is not representing the petitioner on appeal." *Id.* Additionally, this Court noted that the trial court "urged both the petitioner and the State to brief thoroughly the issue of whether the petitioner was entitled to habeas corpus relief while being in the custody of the state of Kentucky" and that both parties had failed to comply with that instruction on appeal. *Id.*

On remand, the trial court issued an order on January 26, 2006, notifying Petitioner and the public defender that a hearing would be held on February 28, 2006, "in order to comply with the order of the Court of Criminal Appeals."[2]

On April 25, 2006, the trial court entered an order in which it stated that the public defender appeared in court and presented proof that Petitioner was granted parole on January 15, 2005 for his Tennessee convictions and transferred to the Department of Corrections for the State of Kentucky. As a result, the trial court denied the petition for writ of habeas corpus. Petitioner filed a timely notice of appeal. On appeal from the denial of the habeas corpus petition, Petitioner argues that he "has a right to request habeas corpus relief while incarcerated in another state."

*Analysis*

Petitioner argues on appeal that he is entitled to be heard on a petition for habeas corpus relief even though he is presently incarcerated in another State. Specifically, Petitioner contends that when an out-of-state resident seeks habeas corpus relief from a Tennessee conviction as a void restraint on his liberty, a court of the county of the original conviction has jurisdiction to rule on the petition. Thus, Petitioner urges this Court to "remand [Petitioner's] case to the trial court for Sumner County, the court of the original conviction, for adjudication as to the question of whether the petitioner is entitled to habeas corpus relief." The State counters that Petitioner has not proven that he is "restrained of his liberty" and that he has failed to present a cognizable claim for relief in a habeas corpus proceeding.

The grounds upon which a writ of habeas corpus may be issued are very narrow. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007) (citing *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004)). A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that

---

[2]There is no record of this hearing in the record before this Court on appeal.

the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992).

The formal requirements for an application or petition for writ of habeas corpus are found at T.C.A. § 29-21-107:

(a) Application for the writ shall be made by petition, signed by either the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.
(b) The petition shall state:
(1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and if unknown, describing the person with as much particularity as practicable;
(2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;
(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and
(4) That it is the first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings there shall be produced, or satisfactory reasons should be given for the failure to do so.

T.C.A. § 29-21-107.

A habeas petitioner can only attack a judgment that is void on its face and not one that is merely voidable. *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A petitioner has the burden of establishing by a preponderance of the evidence that the judgment he attacks is void or that his term of imprisonment has expired. *State ex rel. Kuntz v. Bomar*, 381 S.W.2d 290, 291 (Tenn. 1964). If a petitioner fails to establish by a preponderance of the evidence that his conviction is void or his term of imprisonment has expired, he is not entitled to immediate release. *Passarella v. State*, 891 S.W.2d 619, 627-28 (Tenn. Crim. App. 1994), *superceded by statute as stated in State v. Steven S. Newman*, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998).

Petitioner correctly notes that an out-of-state resident may seek habeas corpus relief in Tennessee from a Tennessee conviction. *See State v. Church*, 987 S.W.2d 855, 857-58 (Tenn. Crim. App. 1998). Moreover, because parole imposes significant conditions and restraints on freedom, a Tennessee parolee may test the validity of his underlying convictions through a writ of habeas corpus. *Hickman v. State*, 153 S.W.3d 15, 23 (Tenn. 2004). In these situations, the most fitting

forum to file such a petition would ordinarily be the county of conviction. *Church* at 857. In this case, Petitioner first filed his petition in the Lake County Circuit Court while he was still incarcerated in Lake County for Tennessee convictions. During the pendency of his appeals, Petitioner was paroled from Tennessee and transferred to the State of Kentucky to serve a sentence there. The trial court dismissed the petition determining, *inter alia*, that it was filed in the improper venue. On appeal, Petitioner asks this Court to transfer his habeas corpus petition to the county of conviction, Sumner County.

T.C.A. § 29-21-105 mandates venue for habeas corpus actions: "The application should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge." At the time Petitioner initially filed his petition, it was filed in the proper court under T.C.A. § 29-21-105 because Petitioner was, at that time, incarcerated in Lake County and the petition was filed in Lake County. *Id.* We believe that when a habeas corpus petition is originally filed in the proper venue that court does not lose jurisdiction to determining the merits of the petition simply because the Department of Correction transfers the petitioner to another county or state. It is common knowledge that inmates are routinely transferred among our various prisons, as well as often sent to other states to deal with charges or convictions received outside Tennessee. In such situations judicial economy is better served by allowing the court in which the habeas petition was initially properly filed to determine the merits of the petition without the necessity of repeated filings.

Moreover, our supreme court recently determined in *Joseph Faulkner a/k/a Jerry Faulkner v. State*, ___ S.W.3d ___, 2007 WL 1226831, at *6 (Tenn. Apr. 27, 200 7), that a "prisoner serving concurrent state and federal sentences in a federal correctional institution may challenge his state convictions through the use of the state writ of habeas corpus." In *Joseph Faulkner*, the petitioner was ordered to serve his state sentences in federal custody concurrently with his federal sentences. The petitioner sought habeas corpus relief on his state convictions while still incarcerated in federal prison arguing that because he was on parole when he committed his offenses, the governing statute required consecutive rather than concurrent sentences and, therefore, the sentence imposed was contrary to law. The trial court dismissed the petition, determining that it did not have jurisdiction to hear the claim. The supreme court determined that T.C.A. § 29-21-102 does not prohibit a petitioner who is serving a state sentence in federal custody from pursuing the state writ of habeas corpus since the petitioner, while being detained in a federal prison, is also detained by process issued by Tennessee. *Faulkner,* ___ S.W.3d at ___, 2007 WL 1226831, at *6. The Court took pains to point out that the petitioner could not challenge either the validity of his federal convictions or his imprisonment on those crimes through the state writ of habeas corpus. However, the supreme court noted that the fact that the petitioner was not entitled to release from custody even if his petition was successful was not relevant to the analysis of the issue. Taking all that into consideration, the court ultimately determined that the petitioner could use the writ to inquire into his state convictions, regardless of the place of his incarceration. *Id.* at *4.

The same analysis is applicable to the case herein. Petitioner is on parole for his Tennessee convictions, but is incarcerated in Kentucky. He is therefore, in addition to being imprisoned in

Kentucky, "restrained of his liberty" by virtue of his Tennessee parole status. He is not attempting to file the writ in Tennessee to challenge his Kentucky convictions. He initiated the writ to challenge his Tennessee convictions while he was incarcerated in Tennessee for those convictions, in other words, while he was imprisoned in Tennessee. At that time, the Lake County Circuit Court was the proper venue to determine the merits of Petitioner's claims. That court did not subsequently lose jurisdiction over Petitioner's claims solely due to Petitioner's parole and transfer out-of-state to serve his Kentucky sentences. Consequently, we reverse the trial court's dismissal of the petition for writ of habeas corpus and remand the matter to the trial court for a determination on the merits of the petition. On remand, the trial court need not revisit those issues that were dismissed initially as a result of inadequate documentation. *See Joseph Faulker*, ___ S.W.3d at ___, 2007 WL 1226831, at *6; *Summers*, 212 S.W.3d at 259. Assuming a denial of habeas corpus relief on remand, with respect to the issues dismissed for mootness or improper venue, Petitioner should present his issues succinctly in one appeal to this Court with the Public Defender acting as counsel. Assuming that appeal takes place, counsel for Petitioner should be certain to address all issues as may be appropriate and raised by the original habeas corpus petition as seen fit by counsel in consultation with the Petitioner.

CONCLUSION

In light of the foregoing the judgment of the trial court is reversed and the case remanded for proceedings consistent with this opinion.

_____
JERRY L. SMITH, JUDGE