# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

### DANIEL DEETER v. CHERRY LINDAMOOD, WARDEN

**Direct Appeal from the Circuit Court for Wayne County**
**No. 14980     Robert Lee Holloway, Jr., Judge**

---

**No. M2011-00636-CCA-R3-HC - Filed September 8, 2011**

---

The Petitioner, Daniel Deeter, appeals from the dismissal of his petition for the writ of habeas corpus. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. We find the State's motion has merit. Accordingly, the motion is granted and the judgment of the trial court is affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20,**
**Rules of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

Daniel Deeter, pro se, Nashville, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General, for the Appellee, State of Tennessee.

### MEMORANDUM OPINION

On April 7, 2005, a Sumner County grand jury indicted the Petitioner for twelve counts of sexual exploitation of a minor. On December 5, 2005, the Petitioner pled guilty to ten counts of sexual exploitation of a minor, and the trial court entered an agreed to sentence of ten years, suspended after the service of 120 days. In his petition, the Petitioner asserts his probation was revoked in 2006, and he was sentenced to work release. The petition further asserts that, in January 2010, the Petitioner was ordered to the custody of the Department of Correction.

On November 30, 2010, the Petitioner, who is imprisoned at the South Central Correctional Facility, filed a petition for writ of habeas corpus relief in which he claimed his guilty pleas were not knowingly and voluntarily entered, the plea agreement was illegal because it violated his double jeopardy protections, and that he received the ineffective assistance of counsel. The State filed a motion to dismiss the petition, arguing the petition failed to state a cognizable claim for writ of habeas corpus. The habeas corpus court granted the State's motion, and the Petitioner filed a timely notice of appeal. The State filed this Rule 20 motion, seeking our dismissal of the appeal.

In Tennessee, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever, except [those held under federal authority], may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment and restraint." *Church v. State*, 987 S.W.2d 855, 857 (Tenn. Crim. App. 1998) (citing *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968)). The grounds upon which a writ of habeas corpus may be issued are very narrow. *McLaney v. Bell*, 59 S.W.3d 90, 92 (Tenn. 2001). A writ of habeas corpus is available only when it appears from the face of the judgment or record that either the convicting court was without jurisdiction to convict or sentence the petitioner, or the petitioner's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may only be sought when the judgment is void, not merely voidable. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). The petitioner has the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). A trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *See Passarella v. State*, 891 S.W.2d 619 (Tenn. Crim. App. 1994).

On appeal, the Petitioner contends: (1) that his multiple convictions for sexual exploitation of a minor violate his double jeopardy protections; (2) his guilty pleas were the result of ineffective assistance of counsel; and (3) he is being denied a parole hearing.

We conclude that none of these claims render the Petitioner's judgments void on their face or prove his sentence has expired. We have previously stated that an allegation of double jeopardy does not render a conviction void, but merely voidable. *Ricky Lynn Hill v. Parker, Warden*, No. W2010-01423-CCA-R3-HC, 2011 WL 287343, at *4 (Tenn. Crim. App., at Jackson, Jan. 24, 2011) (citations omitted), *no Tenn. R. App. P. 11 application filed*. Furthermore, we note that the Petitioner's claims regarding the ineffectiveness of counsel and the knowing and voluntary nature of his pleas would, at best, render his judgments voidable, not void; therefore, such allegations are not cognizable claims for habeas corpus relief. *See Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994); *Walter D. Starnes v. Tony*

*Parker*, *Warden*, No. W2006-01634-CCA-R3-HC, 2006 WL 3613603, at \*2 (Tenn. Crim. App., at Jackson, Dec. 8, 2006). Finally, the Petitioner's allegation that he is being denied a parole hearing also does not entitle him to habeas corpus relief. *See Michael Hooper v. Steven Dotson, Warden*, No. W2007-02098-CCA-R3-HC, 2008 WL 3892036, at \*3 (Tenn. Crim. App., at Jackson, Aug. 22, 2008) (citations omitted).

The Petitioner has failed to establish by a preponderance of the evidence that his convictions are void or that his term of imprisonment has expired. Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ROBERT W. WEDEMEYER, JUDGE